IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL DOCKET NO. 5:09CV127-V

E. RICK MILLER CONSTRUCTION )
COMPANY, )
          Plaintiff, )
)
v. ) **O R D E R**
)
ROBERT W. MUGRIDGE and )
DEBORAH A. MUGRIDGE, )
          Defendants. )
_____ )

**THIS MATTER** is before the Court on Defendants' "Motion To Dismiss, Or In The Alternative, To Stay This Action And To Compel Arbritration" and Plaintiff's Response. (Documents #9, #10)

This dispute arises out of a construction contract entered into between the parties between April 5, 2004 and April 20, 2004 and a subsequent dispute regarding the amount owed by Defendants to Plaintiff for work allegedly performed pursuant to the contract ("Agreement"). Plaintiff commenced this civil action alleging breach of contract and quantum meruit. Defendants responded with counterclaims alleging breach of contract, fraud, and unfair and deceptive trade practices.

The Agreement provides at Paragraph 13:

> "In the event that ***any controversy arises at any time***, all parties agree to then submit such controversy to arbitration procedures in accordance to the rules of the American Arbitration Board."

(Compl., Exh. A – 4/20/04 Contract, ¶13) (*emphasis provided*). The broad language "any controversy" and "at any time" indicates that the arbitration clause was meant to encompass essentially any dispute that might potentially arise between the parties.

Pursuant to Section 3 of the Federal Arbitration Act ("FAA"), federal district courts may stay a lawsuit brought upon an issue subject to arbitration under a written arbitration agreement where certain conditions are met. *See* 9 U.S.C. §3. Section 4 permits a party aggrieved by the failure of another to arbitrate a dispute arising out of a written arbitration agreement to ask the federal district court to order arbitration according to the parties' agreement. *See* 9 U.S.C. §4. In this case, the parties, in fact, agree that the arbitration clause is valid and controlling as to this dispute.[1] (Defs.' Brf. at 4-5; Pl.'s Resp. at 1) While the litigants seem to agree that arbitration is required, Plaintiff requests that this Court retain jurisdiction and "provide assistance to the parties in scheduling a date for an Arbitration Hearing."[2] (Pl's. Resp. at 2)

The Court has independent subject matter jurisdiction over the lawsuit. *See* 28 U.S.C. §1332(a). As Defendants recognize, diversity of citizenship exists and the amount in controversy exceeds $75,000.00. (Defs.' Resp. at 4).

For these reasons, the Court, in its discretion, finds that a brief stay of these proceedings is appropriate.

**IT IS HEREBY ORDERED THAT:**

1) Defendants' Motion to Dismiss is **DENIED;**

2) Defendants' Alternative Motion To Compel Arbitration and for a Stay Pending Arbitration is **GRANTED**. Accordingly, the parties are **COMPELLED** to participate in arbitration in accordance with the rules of the American Arbitration Board;

---

[1] Defendants stipulate that their Counterclaims also fall within the arbitration clause. (Defs.' Brf. at 7, n. 5)

[2] According to Plaintiff's counsel, despite proposing several dates for arbitration, Defendants have resisted committing to an arbitration date and have specifically mentioned that an arbitration in North Carolina prior to April 2011 is inconvenient. (Pl.'s Resp. at 2)

3) According to the parties' stipulation, the designated arbitrator is Claude Smith, Attorney at Law, Boone, North Carolina;

4) The parties shall report back to the Court by way of a Status Report **on or before Wednesday, April 13, 2011**; and

5) This matter will be **STAYED** pending arbitration.

Signed: January 27, 2011

Richard L. Voorhees
United States District Judge